UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CARMEL LINOT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 21-025-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

Petitioner and federal inmate Carmel Linot is currently confined at the Federal Medical Center ("FMC")–Lexington located in Lexington, Kentucky. Proceeding without an attorney, Linot filed a "Motion for Earned Time/Good Time Credit Under the First Step Act." [Record No. 1] However, because Linot's motion challenges the calculation of his sentence by the federal Bureau of Prisons ("BOP"), the Court will construe his motion as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Linot's petition is not filed on an approved form as required by Local Rule 5.3. Likewise, Linot did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914 or file a motion for leave to proceed *in forma pauperis*. For these reasons, dismissal of this action without prejudice is appropriate, as Linot's filings are insufficient to properly initiate a civil action.

However, a review of Linot's § 2241 petition demonstrates that it must be dismissed for another reason: specifically, Linot has not yet fully exhausted his administrative remedies

-1-

with respect to his claim.[1] Linot's petition asserts that the BOP has failed to give him earned time credits under the First Step Act, 18 U.S.C. §§ 3632(d)(4)(A). However, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Leslie v. United States*, 89 Fed. Appx. 960, 961(6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Administrative remedies must be exhausted *prior* to filing suit and *in full conformity with* the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

According to the documentation submitted by Linot, Linot filed a Request for Administrative Remedy with the Warden on January 7, 2021, to which the Warden responded on January 12, 2021. [Record No. 1-1]  However, he neither appealed to the appropriate Regional Director, nor to the BOP's Office of General Counsel.  Indeed, even if he had begun the administrative appeal process, the time period within which officials at each level are provided to respond could not have expired prior to the date that he signed his petition (January 20, 2021).  [Record No. 1 at p. 7]  Thus, Linot clearly filed his petition in this Court prior to fully exhausting his available administrative remedies with respect to his claim, warranting denial of his petition without prejudice.

While this case will be dismissed and closed, after the administrative remedy process is complete, Linot may file a new petition in an entirely new case regarding this matter should he choose to do so.  However, he is further advised that, to properly initiate a case in this Court, he must complete two steps: (1) file his habeas petition on a form approved for use by this Court and (2) either pay the $5.00 filing fee, move for leave to proceed *in forma pauperis*, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee.

For all of the foregoing reasons, it is hereby

**ORDERED** as follows:

1.Linot's "Motion for Earned Time/Good Time Credit Under the First Step Act," construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1], is **DENIED**, without prejudice.

2.This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: January 26, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

-4-